Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 28 2014, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ADAM C. SQUILLER**
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARL R. EVANOFF, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 17A04-1309-CR-445 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEKALB SUPERIOR COURT
The Honorable Kevin P. Wallace, Judge
Cause No. 17D01-1208-FA-008

**April 28, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Carl Evanoff ("Evanoff") pleaded guilty in DeKalb Superior Court to Class B felony conspiracy to manufacture methamphetamine. Evanoff appeals the trial court's sentencing order and argues that his fifteen-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

On August 15, 2012, Evanoff agreed to manufacture methamphetamine with a confidential informant. In furtherance of that agreement, the confidential informant gave Evanoff five boxes of Sudafed. Evanoff was subsequently charged with Class B felony conspiracy to manufacture methamphetamine.[1]

Evanoff agreed to plead guilty to that offense with sentencing left to the discretion of the trial court. After considering Evanoff's significant criminal history, which includes thirteen misdemeanor and eight felony convictions, the trial court ordered him to serve fifteen years executed in the Department of Correction. Evanoff now appeals the appropriateness of his sentence.

## Discussion and Decision

Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of

---

[1] Evanoff was also charged with Class D felony driving while suspended as an habitual traffic violator, which charge was dismissed pursuant to the plea agreement.

2

appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355–56 (Ind. Ct. App. 2011), trans. denied (quoting Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted).

When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." Shell v. State, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010).

The trial court ordered Evanoff to serve a fifteen-year sentence, which is five years less than the maximum twenty years that can be imposed for a Class B felony conviction. See Ind. Code § 35-50-2-6 ("A person who commits a Class B felony . . . shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years").

The circumstances surrounding Evanoff's offense do not support a sentence close to the maximum allowable sentence. Evanoff agreed to manufacture methamphetamine and received five boxes of Sudafed from the confidential informant to aid him in

3

manufacturing methamphetamine. However, no methamphetamine was made and no individual was harmed by Evanoff's commission of the offense.

However, the fifteen-year sentence is not inappropriate in light of the nature of the offender. Thirty-three-year-old Evanoff has three juvenile delinquency adjudications, thirteen misdemeanor convictions, and eight felony convictions. His misdemeanor convictions include criminal mischief, invasion of privacy, and five battery offenses. Evanoff was convicted of two counts of Class D felony theft under separate cause numbers in 1999, Class D felony intimidation in 2002, carrying a concealed weapon (a fourth degree felony in Ohio) in 2003, Class C felony possession of methamphetamine in 2006, Class D felony possession of a controlled substance and illegal drug lab in 2007, and Class D felony receiving stolen property also in 2007. In addition, Evanoff's record consists of multiple probation and parole violations, and his probation was revoked on the 2006 Class C felony possession of methamphetamine offense.

After reviewing Evanoff's criminal history, the trial court rightly observed that "[t]hroughout his life, [Evanoff] hasn't abided by the law." Tr. p. 70. Evanoff has been incarcerated for a significant portion of his adult life and has not demonstrated rehabilitation from incarceration.

For all of these reasons, we conclude that Evanoff's fifteen-year sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.